UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JASON RUSSELL,

          Plaintiff,

    vs.

MIMEO INC., ADAM SLUTSKY, JOHN
DELBRIDGE and THOMAS KARRAT,

          Defendants.

------------------------------------------------------------x

Civil Action No. 08-cv-5354 (RJS)

**FIRST AMENDED VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

Sarah Fern Meil
19 Bridge Street
P.O. Box 426
Stockton, NJ 08559
Phone: (609) 397-4333
Fax: (609) 228-4307
sarahfern@sfmesq.com
*Attorney for Plaintiff Jason Russell*

## COMPLAINT

Plaintiff Jason Russell initiates this Complaint against the above-captioned Defendants.

## PARTIES

1. Plaintiff Jason Russell is an individual and citizen of the United States of America. He is a domiciliary of New York.

2. Defendant Mimeo Inc. is a corporation whose principal place of business is in New York, NY. Mimeo is a privately held corporation with more than 50 employees.

3. Defendant Thomas Karrat is the Executive Vice President, Sales and Marketing of Defendant Mimeo.

4. Defendant John Delbridge is the Chief Operating Officer of Defendant Mimeo.

5. Defendant Adam Slutsky is the Chief Executive Officer of Defendant Mimeo.

## JURISDICTION AND VENUE

6. The court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff brings a claim arising under federal law.

7. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiffs and Defendant Mimeo are domiciliaries of this district and most of the events giving rise to the claims alleged herein occurred in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff began working as a Director, Sales Effectiveness for Defendant Mimeo Inc. in its New York City Office in January 2007.

10. Plaintiff suffers from bi-polar disorder and depression. These disabilities pre-date his

employment with Defendant Mimeo.

11. In January 2008, Plaintiff requested and was approved for leave pursuant to the Family Medical Leave Act (FMLA).

12. Prior to taking FMLA leave, Plaintiff received positive evaluations of his job performance.

13. Upon Plaintiff's return from FMLA leave, he was not restored to the position he occupied prior to his FMLA leave. Nor was he restored to an equivalent position.

14. On the day that Plaintiff returned from FMLA leave, Defendants terminated his employment.

15. Defendants Karrat and Slutsky made the decision to terminate Plaintiff.

16. Defendants told Plaintiff that he was terminated because his job was being eliminated and there were no other suitable positions for him in the company.

17. Plaintiff's job was not eliminated; it was given to his former assistant.

18. At the time of Plaintiff's termination, Defendant Mimeo was seeking applicants for other positions for which Plaintiff was qualified. None of these positions were offered to Plaintiff.

19. Defendants terminated Plaintiff in retaliation for taking FMLA leave.

20. Defendants terminated Plaintiff because he has disabilities which necessitated his taking FMLA leave.

21. While Plaintiff was out on leave, Defendants discovered that he was gay.

22. Defendants Slutsky, Karrat and Delbridge made comments indicating they were uncomfortable with Plaintiff's sexual orientation.

23. Defendants terminated Plaintiff because he is gay.

24. After Plaintiff's termination, Defendants harassed and threatened him with defamatory statements and legal action.

25. As a direct and proximate result of the unlawful actions of Defendants, Plaintiff has suffered economic loss, damage to his reputation and career, bodily injury with physical manifestations, pain and suffering, severe emotional distress and other injuries.

## FIRST COUNT

### FMLA, 29 U.S.C. § 2601 et. seq.

26. Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

27. Plaintiff took FMLA-protected leave from his job.

28. Defendants violated the FMLA by failing to restore Plaintiff to the position he occupied prior to taking FMLA leave or an equivalent position.

29. Defendants violated the FMLA by firing Plaintiff in retaliation for taking FMLA leave.

30. Defendants' actions caused harm to Plaintiff including economic loss, damage to his reputation and career, bodily injury with physical manifestations, pain and suffering, severe emotional distress and other damages.

## SECOND COUNT

### New York City Human Rights Law – Sexual Orientation Discrimination
### (N.Y. City Admin. Code § 8-101 et seq.)

31. Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

32. During his employment with Defendant Mimeo, Plaintiff was subjected to a hostile working environment based on his sexual orientation.

33. Plaintiff is gay.

34. Plaintiff was performing his job duties satisfactorily.

35. Defendants' termination of Plaintiff was an adverse employment action.

36. Defendants' stated reason for terminating Plaintiff's employment was a pretext for discrimination based on his sexual orientation.

37. Defendants' actions caused harm to Plaintiff including economic loss, damage to his reputation and career, bodily injury with physical manifestations, pain and suffering, severe emotional distress and other damages.

### THIRD COUNT

### New York City Human Rights Law – Disability Discrimination
### (N.Y. City Admin. Code § 8-101 et seq.)

38. Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

39. Plaintiff's bi-polar disorder and depression are disabilities.

40. During his employment with Defendant Mimeo, Plaintiff was subjected to a hostile working environment based on his disabilities.

41. Plaintiff was performing his job duties satisfactorily.

42. Defendants' termination of Plaintiff was an adverse employment action.

43. Defendants' stated reason for terminating Plaintiff's employment was a pretext for discrimination based on his disabilities.

44. Defendants' actions caused harm to Plaintiff including economic loss, damage to his reputation and career, bodily injury with physical manifestations, pain and suffering, severe emotional distress and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant, for:

A. Back pay and front pay;

B. Compensatory damages;

C. Consequential damages;

D. Punitive damages;

E. Interest, prejudgment and postjudgment;

F. Costs of suit;

G. Attorneys fees;

H. Equitable relief;

I. Liquidated damages

J. Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION – NO OTHER ACTIONS

Plaintiff, by his attorney, hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. Plaintiff further certifies that he has no knowledge of any contemplated action or arbitration proceeding regarding the subject matter of this action and that he is not aware of any other parties who should be joined in this action.

Dated: July 7, 2008

Sarah Fern Meil
19 Bridge Street
P.O. Box 426

Stockton, NJ 08559
Phone: (609) 397-4333
Fax: (609) 228-4307
sarahfern@sfmesq.com
*Attorney for Plaintiff Jason Russell*

## VERIFICATION

I certify that the statements made by me in the foregoing Complaint are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature: Jason Russell 7/7/08]*

Jason Russell

Dated: July 7, 2008