# Sarah Fern Meil
### Attorney at Law

19 Bridge Street  
P.O. Box 426  
Stockton, NJ 08559

P (609) 397-4333  
F (609) 228-4307

sarahfern@sfmesq.com  
www.sfmesq.com

**<u>VIA ECF and regular mail</u>**

August 13, 2008

Honorable Richard J. Sullivan  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 615  
New York, NY 10007

      Re:    <u>Russell v. Mimeo et al., 08-cv-5354 (RJS)</u>

Dear Judge Sullivan:

      I represent Jason Russell in this action. Pursuant to Section 2(A) of your Individual Practices, this letter is respectfully submitted in response to defendants' counsel's letter to you of August 8, 2008 requesting a pre-motion conference.

      Defendants claim that Mr. Russell executed an "Employment Agreement" that contains an arbitration provision. Their anticipated motion seeks to compel arbitration of this dispute pursuant to that provision.

      Mr. Russell disputes the characterization of the relevant document as an "Employment Agreement." As an initial matter, despite the presence of a signature block for Mimeo.com, the document was not signed by any company representative. Mr. Russell contends that the document was never countersigned because it was merely a draft. Mr. Russell contends that he made suggested changes (including changes to the arbitration clause itself) to the document <u>directly on the document he signed</u> and that some of the pages of the document being proffered by Mimeo.com <u>are not the pages of the document that he signed/changed</u>. While a Mimeo.com representative indicated to Mr. Russell that he would receive a revised document with a company signature, Mr. Russell never received such a document. As Mimeo.com and Mr. Russell never reached agreement on terms, there is no enforceable agreement between them. *See Kaplan v. Vincent*, 937 F. Supp. 307 (S.D.N.Y. 1996) (draft agreement unenforceable where parties intend to reach a final agreement).

Even assuming, *arguendo*, that the document proffered by defendants does generally constitute some sort of promise made by Mr. Russell, it is unenforceable for a number of other reasons.

First, the document purports to impermissibly deprive Mr. Russell of his ability to "effectively... vindicate [his] statutory cause[s] of action in the arbitral forum" by denying the arbitrator the ability to award punitive or exemplary damages in this civil rights case. *Herrera v. Katz Communications, Inc.*, 532 F. Supp.2d 644 (S.D.N.Y. 2008) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991)).

Second, the document purports to require Mr. Russell to arbitrate all disputes arising out of his employment at Mimeo.com, but preserves Mimeo.com's right to "seek monetary damages or injunctive relief" in court. Such a one-sided agreement is unconscionable and unenforceable.

Third, to the extent that the document purports to require arbitration of Mr. Russell's FMLA claims and limits his remedies available under that statute, it constitutes a prohibited prospective waiver of Mr. Russell's FMLA rights. 29 CFR § 825.220 ("Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA.")

Fourth, the document contains a clause specifically disavowing third party beneficiaries. Because the individual defendants, Mr. Karrat, Mr. Slutsky and Mr. Delbridge, are not named in the document, it has no effect as to them and is not enforceable by them. *See H.I.G. Capital Mgmt., Inc. v. Ligator*, 650 N.Y.S.2d 124, 125 (1st Dept. 1996) ("If a signatory to an agreement is to be required to arbitrate with a nonsignatory party, the agreement must so provide in express language.").

Respectfully submitted,

Sarah Fern Meil

cc:   Joan M. Gilbride, Esq. (via e-mail and ECF)